# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff**

-vs-                                                      Case No. 2:07-cr-20-FtM-29DNF

**KEVIN SINGLETON,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PETITION FOR WRIT OF HABEAS CORPUS CONSTRUED AS A MOTION TO SUPPRESS (Doc. No. 139)** |
| **FILED:** | **October 26, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

The Defendant, Kevin Singleton is proceeding *pro se* with standby counsel. Mr. Singleton filed a Petition for Writ of Habeas Corpus (Doc. 139) which after review, the Court construed as a Motion to Suppress. Mr. Singleton is requesting that the statements of Co-Defendant Lynett Gadsden be suppressed. A hearing was held on December 12, 2007.[1]

---

[1] At the hearing, the parties did not produce any evidence. Based upon the motion lacking sufficient factual allegations to establish standing, the Court did not hold an evidentiary hearing on the issues raised. *See, United States v. Cooper*, 203 F.3d 1279, 1285 (11th Cir. 2000).

Mr. Singleton is charged in a Second Superceding Indictment (Doc. 82). In Count Two, Mr. Singleton is charged with conspiring with others to possess with intent to distribute a quantity of a substance containing a detectable amount of crack cocaine in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(C), and 21 U.S.C. §846. In Count Three, Mr. Singleton is charged with carrying a firearm, namely a Herman Weibrauch .22 revolver in relation to a drug trafficking crime, in violation of 18 U.S.C. §§924(c)(1)(a) and Section 2.

The Defendant asserts that the statements made by Lynett Gadsden should be suppressed. The Government responded that the Defendant lacks standing to suppress the statements of Lynett Gadsden. A person may assert a violation of a constitutional right only on his own behalf. *United States v. Salvucci*, 448 U.S. 83, 86-87 (1980). Mr. Singleton has no standing to suppress the statements of Lynett Gadsden.

The Court respectfully recommends that the Petition for Writ of Habeas Corpus (Doc. 139) construed as a Motion to Suppress be denied, and the statements of Lynett Gadsden not be suppressed.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this  13th   day of December, 2007.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record