UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.  2:07-cr-20-FtM-29DNF

KEVIN SINGLETON

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Oppose Order Denying as Moot, etc. (Doc. #316) filed on February 21, 2012. In an Order (Doc. #317) dated March 5, 2012, the Court construed part of this motion as a motion to reconsider, which it denied, and part as a motion for reduction of sentence pursuant to Sentencing Guidelines Amendment 750. The Court directed the United States to file a response to the portion of the motion construed to request a reduction of sentence. The United States filed its Opposition to Sentence Reduction (Doc. #318) on March 19, 2012. Because defendant is not eligible for a reduction of his term of imprisonment under Amendment 750, his motion for a reduction of sentence will be denied.

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

> Commission pursuant to 28 U.S.C. 994(o), upon motion of
> the defendant or the Director of the Bureau of Prisons,
> or on its own motion, the court may reduce the term of
> imprisonment, after considering the factors set forth in
> section 3553(a) to the extent that they are applicable,
> if such a reduction is consistent with applicable policy
> statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 750 and Amendment 759.

At defendant's original sentencing, the Court determined, based upon the drug quantity attributed to defendant, that his Base Offense Level was 16 and his Total Offense Level was 18. Because defendant qualified as a career offender under U.S.S.G. § 4B1.1, however, his Total Offense Level was 32 and his Enhanced Offense Level was 32. Defendant's Criminal History Category was Category VI as normally calculated and as a career offender. The Enhanced Offense Level of 32 and the Criminal History Category of VI resulted in a Sentencing Guidelines range of 210 to 262 months imprisonment. The Court found that Criminal History Category VI was a significant over-representation of Defendant's criminal history, and departed to Criminal History V under U.S.S.G. § 4A1.3. The Court also granted a downward variance. Defendant was sentenced to 96 months imprisonment.

The undersigned sentenced defendant based upon a sentencing range determined by the career offender provisions of the Sentencing Guidelines, not the crack cocaine provisions. Defendant was not "sentenced to a term of imprisonment based on a sentencing

range that has subsequently been lowered by the Sentencing Commission", as required by § 3582(c)(2). Therefore defendant is not eligible for a reduction pursuant Amendment 750. <u>United States v. Moore</u>, 541 F.3d 1323 (11th Cir. 2008)(addressing Amendment 706), <u>cert. denied</u>, 129 S. Ct. 1601 (2009). Granting a downward departure under § 4A1.3 did not change defendant's offense level and does not make him eligible for a sentence reduction under the amendment, <u>United States v. Daniels</u>, 345 F. App'x 527 (11th Cir. 2009)(discussing Amendment 706), nor does the downward variance. Unlike <u>Freeman v. United States</u>, 131 S. Ct. 2685 (2011), this case did not involve a guilty plea pursuant to Fed. R. Crim. P. 11(c)(1)(C), but a defendant who was convicted at trial. Additionally, the Court finds nothing in <u>Freeman</u> which undermines <u>Moore</u>, and certainly nothing which would allow the Court to ignore its holding.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Oppose Order Denying as Moot, etc. (Doc. #316), deemed to include a motion for reduction of sentence, is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of April, 2012.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Kevin Singleton
U.S. Probation